THE PEOPLE *ex rel.* Newton E. Matter, Appellee, *vs.* THE CHICAGO TITLE AND TRUST COMPANY, Appellant.

*Opinion filed April 20, 1916—Rehearing denied June 8, 1916.*

1. TAXES—*word "trustee" need not be added to owner's name in collector's delinquent list and publication notice.* Where a corporation is vested with the legal title to land by any instrument in writing for the purpose of executing certain trusts therein named, the word "trustee" need not be added to the corporate name in the collector's delinquent list and publication notice.

2. SAME—*meaning of word "owner" in section 182 of Revenue act.* The owner of the legal title is the "owner" referred to in section 182 of the Revenue act, requiring that the collector's notice contain a list of the delinquent lands and lots upon which taxes or special assessments remain due and unpaid and names of owners.

3. SAME—*purpose of requirements for delinquent list and publication notice.* The purpose of describing the land and of stating the owner's name in the delinquent list and in the publication notice is that the owner may be furnished with all the necessary means for the identification of his property.

4. NAMES—*making corporation a trustee does not change its name.* The making of a corporation a trustee for any purpose and vesting the legal title to the land in it for the purpose of the trust does not change its existence or change its name.

APPEAL from the County Court of DuPage county; the Hon. S. L. RATHJE, Judge, presiding.

GEORGE A. MASON, and WILLIAM J. DONLIN, for appellant.

A. B. SNOW, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is an appeal from a judgment and order of sale entered by the county court of DuPage county June 9, 1915, directing sale of "lot 3 in county clerk's subdiv. of part of the A. C. Ducat Est. on the S. E. ¼ of Sec. 7, T. 38, N., R. 11, E.," to pay for the seventh and eighth delinquent installments of Downer's Grove special assessment No. 25, and the annual interest on said unpaid install-

ments, due and payable January 2, 1914, and January 2, 1915, "for an improvement consisting of the grading, draining, paving with brick and otherwise improving Maple avenue from the west village limits to the easterly line of Blodgett avenue produced." Said installments, with accrued interest, amount to $1216.14. Appellant entered its special and limited appearance for the purpose of contesting the jurisdiction of the court, and in support thereof alleged (1) that the notice of the application for judgment and order of sale has not been given pursuant to law; (2) that there is a variance between the tax notice and the delinquent list. The entry of appearance was in writing and signed "Chicago Title and Trust Company, trustee of the estate of Arthur C. Ducat, deceased."

The sole ground for reversal of the judgment argued in this court by appellant is that in the notice of the application for judgment and order of sale the collector stated the owner's name as Chicago Title and Trust Company, and that the proof in the record shows that said property is owned by the Chicago Title and Trust Company, trustee of the estate of Arthur C. Ducat, deceased, and that the collector knew that the owner's name was not simply Chicago Title and Trust Company, as by him stated. As a matter of fact, there is no direct proof in this record as to the ownership of the lot in question. No witness testified concerning the ownership of the lot and no deed or instruments in writing were introduced to prove title in the Chicago Title and Trust Company, trustee of the estate of Arthur C. Ducat, deceased, or in any other person. The only proof offered in the record tending to prove title and tending to prove that the collector knew the name of the owner of the property in question was certain exhibits showing that in 1912 and 1913 the Chicago Title and Trust Company, trustee of the estate of Arthur C. Ducat, deceased, appeared in the lower court and resisted judgment and order of sale for the first, second, third, fourth, fifth, sixth

and seventh installments, and that the delinquent list was amended to show that the Chicago Title and Trust Company, trustee as aforesaid, was the owner of said lot and that judgment was given against it for said assessment and that an appeal bond was signed by said company as said trustee; also volume 266, page 224, and volume 261, page 392, of the Supreme Court Reports of Illinois were introduced to prove the owner's name and knowledge of the collector thereof. The latter volume shows that an appeal was prosecuted in the name of the Chicago Title and Trust Company, and in the former that a writ of error was prosecuted by the Chicago Title and Trust Company, trustee, and in neither volume is there a finding as to the owner of the property and no statement or reference to ownership thereof. Appellee introduced in rebuttal his tax warrant book of the general taxes of 1914, town of Downer's Grove, showing that the Chicago Title and Trust Company, Chicago, Illinois, paid the taxes on the said lot. We do not think that the foregoing evidence, when considered as a whole, warrants our finding that the presumption that the collector's certificate correctly stated the owner's name as Chicago Title and Trust Company was overcome, and that the proof also shows that the collector knew that the owner's name was Chicago Title and Trust Company, trustee, etc. There is not a particle of proof to show what knowledge, if any, the collector had concerning any of the foregoing exhibits.

It is stated in the briefs and argument of the appellant that the owner of the legal title of said lot is the Chicago Title and Trust company, trustee of the estate of Arthur C. Ducat, deceased. By what means or instrument it became said owner or for what purpose it became a trustee to manage or dispose of said land, if it did become such a trustee, does not appear in this record. If the Chicago Title and Trust Company was vested with the legal title of said land by the will or other instrument in writing exe-

cuted by Arthur C. Ducat for the purpose of executing certain trusts therein named, the collector properly stated the owner's name of said property as Chicago Title and Trust Company. Section 182 of the Revenue act provides that the collector's notice shall contain a list of the delinquent lands and lots upon which the taxes or special assessments remain due and unpaid and the names of the owners, if known, etc. The owner of the legal title is the owner referred to in this section. The making of the Chicago Title and Trust Company a trustee for any purpose and vesting the legal title of the land in it for the purposes of the trust would not change its existence or change its name. Its name would still be Chicago Title and Trust Company and not Chicago Title and Trust Company, trustee, etc. The vesting of the equitable title in any person as the *cestui que trust* would not serve to change the name of that person, and if such title happened to be vested in one John Jones, his name would still be John Jones and not John Jones, *cestui que trust,* etc. As the statute only requires the collector to state the name of the owner of the legal title when known, the collector, according to the showing in this record, correctly stated the name of the owner of the lot in question.

The purpose of describing the land in the delinquent list and in the publication notice and of stating the owner's name is that the owner may be furnished with all the necessary means for the identification of his property. The description of the land found in this record, which is partly quoted in the fore-part of this opinion, is such that appellant would have been bound to know what specific property was referred to, and that it was notified, as the owner of said property, for the purpose of protecting itself against costs, judgment and sale of said land, etc., for taxes, and being the legal owner thereof, the record does not furnish a single excuse for complaint against the ruling of the court.

The judgment is therefore affirmed.

*Judgment affirmed.*